(89 App. Div. 80.)

DIEBOLD v. WALTER et al.

(Supreme Court, Appellate Division, First Department. December 24, 1903.)

1 PLEADINGS—SERVICE OF ANSWER TO AMENDED COMPLAINT—PLACING CASE ON CALL CALENDAR.

Where the Appellate Division directed that defendant should be allowed 20 days in which to answer the amended complaint, and provided that the case on service of the answer should "take its regular place on the calendar, and not to be restored to the day calendar," the order of the Special Term directing that it should be placed on the call calendar preparatory to its being set down on the day calendar was erroneous.

Appeal from Special Term, New York County.

Action by Louise Diebold against Anna Walter and another. From an order placing the case on call calendar, defendants appeal. Reversed.

See 82 N. Y. Supp. 37.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Alvin C. Cass, for appellants.

George F. Langbein, for respondent.

PER CURIAM. The question presented involved a construction of the order of this court made upon a former appeal (Diebold v. Walter, 83 App. Div. 254, 82 N. Y. Supp. 37), wherein the terms upon which the plaintiff should be allowed to serve an amended complaint were fixed. We think that the learned judge at Special Term did not correctly construe our order. Thereby it was, in addition to other terms, provided that the defendant should be allowed 20 days in which to answer the amended complaint, "the case upon service of the answer to take its regular place on the calendar, and not to be restored to the day calendar." We think that the order appealed from, which directed that it should be placed upon the call calendar preparatory to its being set down on the day calendar, was in violation of the terms of our order, and for that reason should not have been made.

The order accordingly should be reversed, with $10 costs and disbursements.